**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**


GARY LONTELL DAVIS, #1050911,

                Petitioner,

v.                                                                      ACTION NO.   2:12cv543

HAROLD CLARKE,
Department of Corrections,

                Respondent.


**UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I.  STATEMENT OF THE CASE

Petitioner Gary Lontell Davis is in state custody pursuant to a conviction on June 17, 2010, following a bench trial in the Circuit Court for the County of Accomack, for grand larceny.[1] *Commonwealth v. Davis*, No. 10-CR-051 (Va. Cir. Ct. June 17, 2010).   Davis was sentenced on June 17, 2010, to serve ten years in the Virginia penal system, with five years suspended.   Davis's direct appeal to the Court of Appeals of Virginia was denied on April 27, 2011. *Davis v. Commonwealth of Va.*, Record No. 1515-10-1 (Va. Ct. App. April 27, 2011).   The Supreme Court

---

[1] Paragraph 5 of Davis's federal petition lists two grand larceny convictions. Pet. 1, ECF No. 1.  However, the remainder of the petition and memorandum in support refer only to one of the convictions. *Id.*   On May 13, 2010, Davis pled guilty to one count of grand larceny, and a bench trial was held on the second count of grand larceny, which is the subject of this petition. *Commonwealth v. Davis*, Nos. 10-CR-008, 10-CR-051 (Va. Cir. Ct. May 13, 2010).

of Virginia refused Davis's petition for appeal on October 3, 2011. *Davis v. Commonwealth of Va.*,

Record No. 110974 (Va. Oct. 3, 2011).

On December 21, 2011, Davis filed a petition seeking a writ of habeas corpus with the

Supreme Court of Virginia, alleging the same grounds alleged in his federal petition, and the

Supreme Court of Virginia dismissed Davis's petition on June 29, 2012. *Davis v. Dir. of the Dept.*

*of Corrections*, No. 112316 (Va. June 29, 2012).

On September 28, 2012, Davis filed a petition seeking a writ of habeas corpus in this Court

under 28 U.S.C. § 2254 with a memorandum in support. ECF Nos. 1 and 2.   Davis asserts that he

is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

> (a) he was denied effective assistance of counsel due to his counsel's failure to move for a continuance of the trial when counsel learned during trial about a DVD, which the defense had not been informed of during discovery;
>
> (b) he was denied effective assistance of counsel when counsel failed to conduct discovery in an appropriate manner to discover the DVD;
>
> (c) the Commonwealth withheld exculpatory evidence, the DVD, subjecting Davis to prejudice; and,
>
> (d) there was insufficient evidence to prove the valuation element of the grand larceny charge.

Pet. 5-8; ECF No. 1.   On April 8, 2013, Respondent filed a Rule 5 Answer and Motion to Dismiss.

ECF Nos. 13 and 14.

Davis has requested an evidentiary hearing. Pet. 11, ECF No. 1.   The Court DENIES the

request, as purely legal issues are presented and the Court may adequately resolve the issues as

presented in the briefs.   *See* Rule 8 of the Rules Governing Section 2254 Cases.   Accordingly,

this matter is ripe for review.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for the Court to address the merits of this habeas petition, all of Davis's grounds must be exhausted. *See* 28 U.S.C. § 2254(b) (2010). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997). All of the grounds presented in this petition have been exhausted either because Davis raised them on direct appeal or in his state habeas petition to the Supreme Court of Virginia.

### B. Procedural Default

This Court can only address the merits of Davis's claims if they were not procedurally defaulted in state court. *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998). A claim is procedurally defaulted when a state court refuses review of the claim under an adequate and independent state procedural rule. *Id.*; *see also Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

Davis's Ground (d), that there was insufficient evidence to prove the valuation element of the grand larceny charge, is procedurally defaulted and may not be reviewed by this Court. Under Virginia law, where a petitioner fails to object during trial, or raise an issue on direct appeal, they may not raise the issue in state habeas. *Slayton v. Parrigan*, 215 Va. 27, 30 (1974). Davis raised Ground (d) in his state habeas petition, and the Virginia Supreme Court denied the claim

based on *Slayton v. Parrigan. Davis v. Dir. of the Dep't of Corr.*, Record No. 112316, slip op. at 3

(Va. June 29, 2012). The Fourth Circuit has held that the requirements established in *Slayton v.*

*Parrigan* constitute an independent and adequate state procedural rule. *Fisher*, 163 F.3d at 844.

Therefore, Ground (d) is procedurally defaulted and cannot be considered by this Court.

**C. Standard of Review – State Court Adjudicated Claims on the Merits**

Davis's remaining claims are properly exhausted and may be reviewed by this Court

through the lens of deference to the Supreme Court of Virginia's decision.  Under 28 U.S.C.

§ 2254, this Court may not grant relief on any claim that was adjudicated on its merits in State

court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2012).

A state court decision is "contrary to" clearly established federal law when a state court

arrives at a conclusion opposite that of the Supreme Court on a question of law, or when a state

court decides a case differently than the Supreme Court on materially indistinguishable facts.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision constitutes an

"unreasonable application" of federal law when the court identifies the correct governing legal

principle from the decisions of the Supreme Court, but unreasonably applies that principle to the

facts of the case. *Id.* at 413.   A state court need not cite to, or even be aware of, relevant Supreme

Court precedent "so long as neither the reasoning nor the result" contradicts or unreasonably

applies the law. *Early v. Packer*, 537 U.S. 3, 8 (2002). As this is a deferential standard of review, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 386-89.

**D. Analysis**

An understanding of the testimony and argument surrounding the DVD Davis is referring to in his petition will aid in reviewing Davis's claims. The Court of Appeals summarized the evidence presented at trial as follows:

> The Commonwealth charged [Davis] with grand larceny involving property stolen from Terry Redmond. At [Davis's] bench trial, Redmond testified that someone broke into her parked car while she was in a drug store and stole several items, including items she had earlier purchased at Dollar General Store.
>
> Beth Shrieves works at Dollar General Store and sold Redmond the items that were stolen from her car. Shrieves identified [Davis] as the man who returned these items a short time later for a cash refund. Shrieves also viewed Commonwealth's Exhibit 3, a photographic image taken from the store's surveillance camera. The photo showed a side view of the man, with short hair and facial hair, wearing shorts and a dark T-shirt. The upper portion of the surveillance photo lists the date and time as "8/15/2009 12:33:26 PM." Shrieves identified [Davis] as the man in the surveillance photo at the counter returning the items to Cindy Jones for a cash refund. Shrieves explained that a manager has to handle a cash refund and in order to obtain a refund a customer must present a "photo ID and their name, address, phone number. All that stuff is put into the computer." Jones identified the return receipt signed by Shrieves, her manager, and by [Davis]. The return receipt listed the time as 12:31 on August 15, 2009.
>
> Cindy Jones, a store manager, positively identified [Davis] as the man who returned Redmond's merchandise and to whom she made a cash refund. Jones said she looked at [Davis's] identificiation photo to make sure he was the person making the return and the photo and other information matched. Jones identified the man in the surveillance photo as [Davis].
>
> Shekeva Phillips is another manager at the store and arrived while Jones

was completing the return.   She was familiar with [Davis] as a customer and identified him as the person present during the refund.   Phillips also explained that she "pulled the [surveillance] video up so the police officer could see it," and she also "burn[ed] the DVD to be able to produce" the still photo introduced at trial.

On cross-examination, Phillips said she "dropped [the DVD] off to the sheriff's office."   Phillips said she never viewed the DVD she burned, but she viewed the surveillance video as she burned the DVD.

*Davis v. Commonwealth of Va.*, Record No. 1515-10-1, slip op. at 1-3 (Va. Ct. App. April 27,

2011).

The trial transcript contains the following exchange between Davis's counsel and Phillips:

Q  Were there any views of an individual other - - better than the one that's been provided today?   For example, a shot of the individual's face or a frontal shot?   A side shot?   A picture that would show the nature of his face?

A   It was just when he first came in; and then, you know, he was on the side or whatever; but I just - - like I said, I just burnt the DVD within the time frame of what happened then.

Q  I understand.   I guess the question is, were there any better shots of that individual?

A   No, sir.

Q   Side shot?

A   No, sir.

Q   There were no shots of his face whatsoever?

A   Yeah.   I mean the DVD - - it showed on the video when I showed the police officer when you first walk in.   It's really dark because the way the camera - - it's an older-type camera.

Q   Right.

A   So, it's really dark; but, you know, you can get a better view of it once you're actually looking at the video itself, you know, when it

6

happened; but once you burn it – you understand – that's what you get.

Q  I understand that.   I guess I – I don't think – I'm not sure if you answered my question. Were there any shots of his face on that - - on the video you provided:

A  Yeah.   It had a shot of him on the side of his face.   Not a full vision of him when he first walking in the door, but you could see the side of him.

A  No further questions of Ms. Phillips.

Transcript of Bench Trial, *Commonwealth v. Davis*, No. 10-CR-051 at 57-59 (Va. Cir. Ct. May 13, 2010) ("Trial Tr.").

### 1.    Grounds (a) and (b) – Ineffective Assistance of Counsel

Davis's first two claims assert ineffective assistance of counsel, and, therefore, must meet the standard for ineffective assistance of counsel claims established by *Strickland v. Washington*, 466 U.S. 668 (1984).  *Strickland* requires a review of counsel's performance, to determine 1) whether it fell below an objective standard of reasonableness and 2) whether Davis suffered actual prejudice as a result. *Strickland*, 466 U.S. at 687-96.   The "performance prong" of review under *Strickland* requires Davis to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Davis must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.   The "prejudice prong" requires Davis to show that "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.   In order to meet the burden of establishing a reasonable probability of a different result, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.   Davis must

show "probability sufficient to undermine confidence in the outcome." *Id.* at 694. If a claim may be disposed of under one prong, analysis under the remaining prong is not required. *Id.* ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). Because these claims are presented in a petition for federal habeas review under § 2254, Davis must show that the Supreme Court of Virginia's dismissal of his ineffective assistance of counsel claims was contrary to, or an unreasonable application of, the *Strickland* standard. 28 U.S.C. § 2254.

In Davis's first claim, he alleges his trial counsel was ineffective because his counsel failed to move for a continuance upon learning during trial about a DVD, which the defense had not been informed of during discovery. Pet. 5, ECF No. 1; Pet.'r's Mem. 1-3, ECF No. 2 at 4-6.

The Virginia Supreme Court, on review of this claim, found the petitioner failed to meet both the performance and the prejudice prongs under *Strickland*. *Davis v. Dir. of the Dep't of Corr.*, No. 112316, slip op. at 1 (Va. June 29, 2012). The court noted that Shekava Phillips, the store manager, testified at trial that she burned a DVD from the store's surveillance video and gave it to the police. *Id.* at 2. She testified the photograph admitted at trial came from the DVD, and was the clearest image on the DVD. *Id.* The court further noted Ms. Phillips, who was familiar with Davis, and two other witnesses, identified Davis as the person who returned stolen merchandise to the store for a refund. *Id.* Lastly, the court found, while Davis speculated that the DVD may have contained exculpatory images, he has failed to provide evidence the DVD held exculpatory evidence or a continuance could have benefitted him. *Id.*

This Court agrees with the findings of the Virginia Supreme Court, and finds the court did not contravene or unreasonably apply the *Strickland* standard or unreasonably interpret the facts in

8

evaluating Davis's first ineffective assistance of counsel claim. The transcript reflects that after the

Commonwealth rested its case-in-chief, Davis's counsel made the following motion:

> Your honor, I am going to make a motion to strike at this point.
>
> I also have an additional objection.  There's just been evidence that there was a DVD in the store that day.  I was not aware of that DVD.  From Ms. Phillips testimony, it seems that there was a shot of some aspect of Mr. Davis's - - or of this individual's face that day.
>
> I would have to argue that could potentially be exculpatory evidence.  I did put in a discovery order.  I have not received any -- I did not receive any evidence that there was a DVD, just that there was a photograph.  I have inspected that photograph, but I was not aware that photograph was derived from a DVD which was in the Commonwealth's hands at that time.

Trial Tr. 59-60.   The judge questioned counsel regarding how Davis was prejudiced, then offered

the following rationale for denying counsel's motion:

> It strikes me that no photograph that was taken that day would make any difference because we've got three eyewitnesses who say that Mr. Davis - - this fellow sitting right here at this table - - is the man who produced the photo ID and returned those items.  So I don't know what difference it makes whether or not a DVD is very clear or isn't very clear.  We've got not only three clerks in the store positively identifying identifying him, but we have the very receipts that amount to these items.

Trial Tr. 62-63.

It is clear from the record that counsel's failure to request a continuance was neither

deficient nor did it cause prejudice to Davis.   The trial court commented on the overwhelming

evidence, and questioned what effect the DVD could have had on the outcome of the trial. Trial Tr.

62-63.   Davis has failed to show a reasonable probability that the outcome of the trial would have

been different had counsel requested a continuance.   Therefore, Davis has failed to satisfy the

prejudice prong of *Strickland* on this claim, and the undersigned recommends that Ground (a) be

DENIED. *Strickland*, 466 U.S. at 694.

In Davis's second claim, he alleges his trial counsel was ineffective in that he failed to

conduct discovery in a manner so as to discover the DVD. Pet. 6, ECF No. 1; Pet.'r's Mem. 3-5,

ECF No. 2 at 6-8.   The Virginia Supreme Court found Davis failed to prove either the

performance or the prejudice prongs under *Strickland*. *Davis v. Dir. of the Dep't of Corr.*, No.

112316, slip op. at 2 (Va. June 29, 2012).   The court noted Davis failed to proffer the DVD or any

evidence concerning the nature of its contents. *Id.* Further, the court found defense counsel moved

for discovery and learned of the photograph, but did not learn of the DVD because the

Commonwealth's Attorney's office did not become aware of the DVD prior to trial. *Id.*

This Court agrees with the findings of the Virginia Supreme Court and finds the court did

not contravene or unreasonably apply the *Strickland* standard or unreasonably interpret the facts.

The state court record reflects that on April 6, 2010, Davis's counsel filed a motion for discovery,

requesting in relevant part: "[a]ll relevant books, papers, photographs, documents, tape recordings,

tangible objects or copies of the same that are within the possession, custody or control of the

Commonwealth concerning this matter," "[a]ll information of whatever form, source or nature

which tends to exculpate Defendant either through innocence, the impeachment of any

Commonwealth witness or mitigation on the question of punishment, which the Commonwealth or

its agents have knowledge," and all material required to be disclosed by *Brady v. Maryland*. Def.'s

Mot. for Disc. at 1-2, *Commonwealth v. Davis*, No. 10-CR-051 (Va. Cir. Ct. Apr. 6, 2010).   As

established by the trial transcript quoted above, the fact that counsel was not made aware of the

DVD until the day of trial was through no fault of counsel's. Trial Tr. 59-60. Therefore, Davis has

10

failed to satisfy either the performance or prejudice prong of *Strickland* on this claim, and the undersigned recommends that Ground (b) be DENIED. *Strickland*, 466 U.S. at 694.

2.      **Ground (c) – Commonwealth's Withholding of *Brady* Material**

Davis next claims the Commonwealth failed to advise him of the existence of the DVD in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).   On habeas review, the Supreme Court of Virginia held this claim was barred because the issue was raised and decided in the trial court and on direct appeal, and therefore, could not be raised in a habeas corpus petition under *Henry v. Warden*, 576 S.E.2d 495, 496 (2003). *Davis v. Dir. of the Dept. of Corrections*, No. 112316, slip op. at 3.   When raised on direct appeal, the Supreme Court of Virginia refused the petition. *Davis v. Commonwealth of Va.*, Record No. 110974, slip op. at 1.   The Fourth Circuit has held that a denial of appeal by the Virginia Supreme Court is "no less an 'adjudication' of the merits of the claim and must be reviewed under the deferential provisions of § 2254(d)(1)." *Bell v. Jarvis*, 236 F.3d 149, 158 (4th Cir. 2000).   Accordingly, this Court must apply the same deferential standard of §2254 to a review of the decision of the Supreme Court of Virginia refusing Davis's direct appeal.   Moreover, the Supreme Court of Virginia is presumed to have affirmed the conviction for the same reason given by the Court of Appeals of Virginia. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) (holding "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").   Therefore, this Court reviews the decision of the Court of Appeals of Virginia, the last reasoned decision of the state court rejecting the claim. *Id.*

The Court of Appeals of Virginia rejected Davis's claim finding that as neither the trial court nor the party saw the DVD, it is impossible to know whether it contained exculpatory

evidence. *Davis v. Commonwealth of Va.*, Record No. 1515-10-1, slip op. at 17 (Va. Ct. App. Apr. 26, 2011). The court further found Davis's representation that the DVD may show someone other than himself returning the stolen merchandise was purely speculative, and could not satisfy the first prong necessary for a *Brady* violation, that the undisclosed evidence was favorable to Davis. *Id.* Consequently, the Court of Appeals of Virginia found that because Davis failed to establish the DVD was exculpatory or that he was prejudiced by not receiving it, the trial court did not err in refusing to find a *Brady* violation. *Id.* at 18.

The Supreme Court has held that a prosecutor's withholding exculpatory evidence from a criminal defendant violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Brady v. Maryland,* 373 U.S. 83 (1963). A *Brady* violation occurs when the evidence is 1) favorable to the accused, 2) suppressed by the prosecution (either willfully or inadvertently), and 3) material. *Banks v. Dretke,* 540 U.S. 668, 691 (2004). Evidence is material if there is a "reasonable probability" that the result of the proceeding would have been different if the evidence had been disclosed. *Kyles v. Whitley,* 514 U.S. 419, 434 (1995). A petitioner can fulfill the materiality requirement by showing that the effect of the suppressed evidence "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Id.* at 435–437, 115 S.Ct. 1555.

The Court of Appeals of Virginia's decision that the trial court did not err in refusing to find a *Brady* violation, because Davis failed to establish the DVD was exculpatory or that he was prejudiced by not receiving it, neither (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," nor (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

12

the State court proceeding." 28 U.S.C. § 2254(d).   Accordingly, the undersigned recommends that Ground (c) be DENIED.

## III. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends that the petition for a writ of habeas corpus (ECF No. 1) be DENIED and the Respondent's Motion to Dismiss (ECF No. 6) be GRANTED.

Grounds (a), (b), and (c) should be DENIED because the state court's dismissal of Davis's claims neither (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," nor (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Ground (d) should be DENIED because the claim was procedurally defaulted in state court.

## IV.   <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. §636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

13

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

_____/s/_____
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
November 5, 2013

14

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the

following:


Gary Lontell Davis, #1050911
Deerfield Correctional Center
21360 Deerfield Dr.
Capron, VA   23829



Robert H. Anderson, III, Esq.
Office of the Attorney General
900 E. Main St.
Richmond, VA 23219


Fernando Galindo, Clerk

By _____

Deputy Clerk

November 6th , 2013

15